And Mr. Gebhardt, whenever you're ready, we'll hear from you. Lawrence Gebhardt on behalf of the appellant Bioberica Nebraska. Your Honors, the focal issue to be decided in this appeal is very simple. Did the payment terms in the original Bioberica Nebraska invoice sent with the initial delivery of the first installment of product and requiring payment of delinquency interest and collection costs become part of the contract between Bioberica Spain, the parent company, and Nutramax for the purchase and sale of the chondroitin sulfate? As a matter of undisputed fact, in clear law, the payment terms became part of the contract under UCC 2 section 207 per N1. The invoice accompanying delivery of the initial installment of products was a conditional acceptance of the purchase order that it was accepted by Nutramax in accordance with the invoice's term. Let me ask you what the issues are. You know, there's been a lot of fluctuation in theories on this case and even on appeal. I thought on appeal the two issues we have before us, or maybe one issue, is novation and the other is assignment of the contract. Now tell me what the issue is on appeal, what's been preserved for argument on appeal. Yes, what's been preserved was the summary judgment issue of whether the invoice accompanying the initial shipment, and it is undisputed that the invoice accompanied the initial shipment, rejecting the terms of the purchase order and substituting its own and putting in a procedure. I thought your argument was, I must say, I thought your argument was that, number one, the contract had been assigned from Biospain to Bionebraska. No, your honor, and that there was, second was there was a novation which Bionebraska's contract interposed for Biospain. That argument arose out of a mistake of which invoice was the initial invoice. Bioberica Spain is the parent company and it used Bioberica Nebraska as its billing and collection agent in the United States and then it would bill Bioberica Nebraska for what Bioberica Nebraska collected. When this was sent for collection, the invoice between Bioberica Spain and Bioberica Nebraska for the delivery to Nutramax was sent to counsel. It had no payment terms. It was different than the succeeding invoices. We didn't discover the actual invoice that was sent to Nutramax until all the documents in. Which you're saying was the heart of your case. Yes, there was no novation. And yet you filed a complaint on something totally different. You didn't find this until two years into your case. On your fourth try at the complaint, correct? The documents came from Spain. They had an invoice that had no payment terms and there was. But you did file a complaint and then didn't have the key piece of your, what you now say is your case until two years after you filed the complaint, correct? Ultimately, chronologically, yes. And until you filed three amended complaints and tried to file a fourth, correct? The novation was a mistake. It could not possibly happen. It was not there. There was no. Isn't the novation and the, well, and your client's decision to ignore the novation, isn't that the basis upon which the district court entered summary judgment? No. The district court. The district court said I denied your motion to file a fourth amended complaint. The district court said by America and Nebraska's decision to entirely ignore novation in favor of an inappropriate attempt to revive claims this court already rejected is sufficient grounds to deny its motion outright since it proffers no affirmative summary judgment argument as to the sole operative claim in this case. So where is the basis for that dismissal addressed in your briefing here? Yes, because the district court then said, but we're going to address the merits of the summary judgment arguments, namely what the real invoice was and whether that was an acceptance or a rejection. The district court de facto reversed the denial of the fourth amended, the filing of the fourth amended complaint. I'm sorry, say that again because I thought I heard something, but that doesn't seem like it's right. Say it one more time. The district court denied the filing of the fourth amended complaint to add the newly discovered invoice. But the district court said in its summary judgment ruling, we, while we refuse to permit the fourth amended complaint to be filed, we're going to address the merits of the issue it raised to clarify everything. And they then got to the substance of what was set forth in the fourth amended complaint and made a fundamental error of law by saying that the initial invoice from Beo Barrack in Nebraska was sent two weeks after the initial delivery. What you said was something different. So that, I understand that argument. What you said is it de facto reversed its prior procedural ruling. Yes, the district court did not stand up and say, we're not addressing Beo Barrack in Nebraska summary judgment argument because we denied the right to file the fourth amended complaint and let it go there. The district court said, but we're going to address the merits of your summary judgment argument. Both, right? Because just Thacker just read, you lose procedurally. And then it says, even so, you lose substantively. Well, under Rule 15b2, the district court must accept and must consider the complaint amended if, to conform to the evidence that's presented in summary judgment, if there's no objection by the other side and the evidence comes in. There was an objection, though. You lost. You tried to do it and you lost. I don't even understand the argument. Beo Barrack, excuse me, NutraMaxx introduced the original exhibit, the Beo Barrack in Nebraska exhibit, from January of 2018 and said, this invoice and the initial installment of product were delivered on the same day. We introduced those same exhibits and they said we have no objection to it. It's the same as if you went into trial and you put your evidence on and the court admitted it over no objection from the other side, you must rule on the merits under Rule 15b2. Mr. Camphart, we're trying to get to the issue in the case that's before us and you're doing the same thing that you did to the district court that frustrated the district court, I believe. I'm looking at your third amended complaint, which is the subject matter of this cause of action and this appeal, right? Well, the subject matter of this appeal is the summary judgment motions that introduced evidence that went beyond. Just a minute, I'm going back before the summary judgment. Let's disregard how it was handled. I'm going back to your claim. The operative complaint at this point, unless we say the court was wrong in denying your fourth amended complaint, the third amended complaint is the operative complaint in this case, right? No. What is the operative complaint? The operative complaint is whatever is needed to reconcile the evidence that was introduced and upon which the summary judgment rulings were based. I thought I was asking you a very simple, straightforward question. There is no fourth amended complaint at this point. The court denied it. Yes. You'd have to reverse. So the third amended complaint is the last complaint on which you filed. But that was superseded by the evidence presented at trial, meaning the summary judgment arguments. 15B2 says that. Why don't you start with it and concede that that's a complaint? I mean, the point is you've sued for number one, novation. That's on page 277. And then alternatively, assignment and modification. Those were the two grounds that you alleged in your complaint. And those two grounds were rejected by the district court. One of the grounds was rejected, the assignment. The novation was permitted to go forward. But you could not prove novation. I couldn't come before. The court permitted novation to go forward? Yes. Where is that? The third amended complaint. That's what you alleged. I'm asking you what the court permitted. You said it was permitted to go ahead. She permitted the third amended complaint stood. She permitted the novation claim and the third amended complaint to proceed. And she denied the novation, right? At the summary judgment hearing. Yes. Okay, that's the issue that's before us. Because you can't prove, your honor, if I put in my- You must answer my question. The question is, you filed a complaint, number one, that had novation, alternatively assignment. The district court granted summary judgment on novation against you. They granted summary judgment on UCC 2707 because delivery was supposed to have been done before the invoice issued. That was ruled on in the summary judgment pleadings. In the summary judgment ruling. That was an alternative ruling based on the fact that the fourth amendment complaint, if the court were wrong. You can't- We got to start with what you are going to the court and pleading. You filed a third amended complaint as the operative complaint in this case at this point. On the third amended complaint, you made two claims, novation and assignment, alternatively assignment. The district court granted summary judgment on the novation claim. And with respect to your effort to file a fourth amended complaint, it denied it. And that's what the error was. Okay, you can argue that it was an error not to grant that motion. But you can't argue that's the case now. What's the case before us, the disposition before us, is that you did not demonstrate a novation. Your honor, you can't- If I had put in my brief that today is Monday, could I come here in oral argument and say it's not Tuesday? The novation actually was incorrect when the evidence came forward and the original invoice was produced and the checks paying it. You can't argue, you don't go in front of the court when you have a fact that you know is wrong. So then the court was right to grant summary judgment on novation? No, the court- I thought you just said you can't- The court said the original installment was delivered on January 4 and the invoice sent on January 18. In fact, they were both delivered together as Nutramax put in its summary judgment pleadings, as the evidence, the invoice, and the checks paying it also established. And the district court addressed that argument on the merits that had nothing to do with the novation. She didn't discuss- That's your fourth amended complaint, right? The fourth amended complaint raised that, yes. But she didn't- because she denied the fourth amended complaint did not mean that at trial you couldn't raise the issue and introduce the evidence. We're talking about five complaints in this case. Five complaints. No. The third amended complaint was the fourth. There was a complaint that had to be amended because- I don't care the reason, I'm saying there have been five complaints advanced by you in this case. No, the fourth amended was the last one and that wasn't permitted. Is there any limit on your idea? I mean, I understand. I think what I understand you to say is if the district court denies it, your motion to amend, you can just show up and hand the evidence over and the court has to consider it. Is there any limit to that? Yes. Because that just means you can never deny a motion to amend. There is a limit. If we introduce the real invoice and the checks paying it, Nutramax at that point could say we object, this is not relevant to the novation claim. The district court could say I sustain the objection and that ends it. But they didn't do that. They said we have no objection to the introduction of those two exhibits. And then they, in their own summary judgment motion, introduced the same two. Under Rule 15b-2, for purposes of the claims that were before the court, not for the purpose of claims that had been rejected by the court already. The claims before the court are what the evidence showed. The evidence that went before the court, even if not within the boundaries of the third amended complaint, constituted the grounds for the summary judgment. The Eighth Circuit in American Farm Mutual v. Hollander, Senate 05-339 said thus, a district court's refusal to permit an amendment before trial does not prevent the court from allowing the amendment if the issue was subsequently tried by the party's consent. That issue was tried because Nutramax consented to our introduction of the exhibits and they introduced the exhibits. The district court addressed the claim on the merits and that essentially de facto amended the complaint under 15b-2. Setting aside the amended complaint, the court denied it, and denied it for two reasons, but denied it. The court granted summary judgment otherwise. Did the court commit error on the other ruling? Granting summary judgment? Yes. Because the court said that payment terms of the initial invoice did not become part of the contract because the initial invoice... I thought the court addressed novation and there was no evidence of a novation. Well, we didn't try to prove novation. Yes, that was absolutely correct. There was no evidence of novation. I didn't try to go into the court and say... The operative complaint, you say you didn't prove it, that means you lose because you alleged your number one allegation in the third amended complaint is novation. Your number two allegation, alternatively, assignment. Now, if you didn't prove the novation, the court was correct. No, under 15b-2, the court was incorrect. The federal rules say must consider it amended, not may, not if it decides to, uses the word must. My question is, even the evidence you introduced, did that demonstrate a novation? We candidly said from the beginning in the motions for summary judgment, we are not arguing novation. Novation is no longer before the court. There was no reason... I don't think that addressing the requirements for a novation was an argument that had no basis. We didn't argue it. We didn't present any evidence of it. We said it is not here. Does that mean your complaint was frivolous? No. You alleged novation. You said novation is no basis. What was frivolous was Nutramax refusing to pay for product they received until suit was filed. Once suit was filed, they paid the million dollars for the product they received, but didn't pay the delinquency interest and collection costs. Having to do the suit at all was what was frivolous, and that was a bargaining ploy that they were trying to use in the international arbitration dispute. I see you have some rebuttal time. Why don't we let Mr. Patterson speak?  May it please the court. Thank you. My name is Jeff Patterson on behalf of Nutramax. I probably could not give the court a better example of what the district court had to deal with than what's happened today. I want to start with the denial. There are three issues before the court. Let's be clear about that. One is the summary judgment on novation, which from what I hear from my brother counsel, he doesn't dispute that the court correctly granted summary judgment on novation. Although that's been raised, there's no evidence in the record to suggest the court was wrong on novation, and therefore I think the court has to affirm that. The other issues that have been raised is this idea that, well, even though the fourth amended complaint was denied, somehow there was consent to amend it over the court's ruling because of exhibits put in its summary judgment. And I do want to address that. And then to close that out, I understand opposing counsel to say because of all that, then Rule 15b-2 required that the amendment be made. The fourth one. Yeah, that's correct. And there's two problems with that, Judge Stacker. The first of all is opposing counsel is confusing the idea of admissibility with evidence and new claims coming in. All of the invoices are relevant to novation. I mean, it's a breach of contract case. The invoices are going to be relevant for purposes. The question is for what purposes and for what claims. And what the trial court said in denying the motion to amend the fourth amended complaint to add this what I'll call modification theory was it's two years. We're five complaints in. You now say this is the most basic document in the case that you had, but you didn't understand exactly what it was for two years. We spent all this time. No, I'm denying your right to add a fourth amended complaint to completely change your theory again. And the court said that very clearly. Then when we move to summary judgment, the fact that there are exhibits in that may or may not be relevant to any claims, that doesn't consent or change anything. If you look at the Dan Ryan case and the people for the ethical treatment of animals, two Fourth Circuit cases that talk about this 15B2, I think Dan Ryan was actually at trial as opposed to summary judgment. But I think the same rule applies, which is basically for that to apply, for you to have an implicit amendment to the complaint, you have to have evidence that the new facts or arguments presented were effectively the same as moving the court to amend. And the district court, by hearing it without any objection, showed its willingness to allow the amendment. So it's almost an amendment by implication. Here you've got the exact opposite of that. There were repeated attempts to bring this into the complaint, which the district court rejected. In the summary judgment, Nutramax, my client, repeatedly objected to anything beyond novation, because that was the only theory, as Judge Niemeyer pointed out, that was alive at that point in the third amended complaint. And so my clients objected over and over and over again to saying, the only thing left is novation. That's the only thing that we have. So this idea that somehow 15B2 could be stretched so far as an end run around a clear ruling against an amended complaint, and Judge Richardson, you suggested, I don't think there is any limit to the argument the other side is making. I think what he's saying is no matter what the district court says pre-trial, I can show up and if I put in a piece of evidence at trial and it comes in without objection, I can make whatever arguments and claims I want to make, no matter how many times they've been denied previously. There's no way that can be the law. That would mean rulings on motion to amend are essentially meaningless. And so when you get to that point and you say, okay, if the complaint is not amended by implication, the only issue before this court is novation, and there is zero evidence that there was a novation. The court has laid it out, and therefore you have to affirm. Then you just move to the one remaining issue is the sanctions. Bad faith. The court, if you read the district court's orders, it doesn't have to be bad faith, does it? Sanctions can be imposed for just multiplying litigation. That's correct. Abuse of the judicial system or misuse of the judicial system is another phraseology that's used, Judge. You're exactly correct. And if you look at the rulings, you can see starting from the dismissal of the first complaint, the second complaint, the third complaint, you can see the growing frustration from the court and also the growing warnings of the court saying, you're getting to the end of your rope here. You've changed your theory now three times. We're two and a half years into the case. You've cost the court a lot of time. You've cost Nutramax a lot of times with these ever-shifting theories. The court referred to it as a game of battleship. Every time one theory would get torpedoed, they'd say, well, let's try this one. And money defending these claims that can never be made. Right. That can never be proven. And if you look at it, just the record on appeal, I mean, there were hundreds if not thousands of pages of briefs written on this. And what was frustrating to our team and our client was, the way that I think you should go about this is, you determine the facts first and then you see what legal theories, if you're the lawyer, what legal theories can grow out of those facts. What we seem to have happening here was, well, what legal theory can get me around the judge's ruling and then I'll try to reverse engineer some kind of facts to do that. And I do think that's, at its base, improper. The court did say it wasn't dishonest, but it was a misuse of the judicial proceedings. And I agree 100%. The first thing you do in a breach of contract case is get all the invoices and get all the contracts and look at them. For some reason, they didn't do that here. They pled a whole bunch of theories through three or four complaints and then they say, you know what, we finally went back and looked at these invoices and now we want to try our fifth theory. That is entirely unfair to my clients who had to pay my team to motion to dismiss, motion to reconsider, motion to dismiss, motion to reconsider, motion to dismiss, motion to reconsider. Dozens and dozens of hours and tens of thousands of dollars. We appreciate the court ultimately awarding, but I would submit that the court was beyond reasonable in saying the only thing I'm going to award fees on is that last motion to amend. And even with that, they cut it back to about a $5,000 fee award. I think the district court showed great restraint. I think they could have said, you know, everything since the first complaint, I'm awarding all those fees. Again, I appreciate that the court has to be reasonable and sanctions are the exception, not the rule. But in this case, and given the amount of time and effort and just unwillingness  and move on, we got stuck in this loop which we saw here repeated today of the same thing over and over. And no, I don't agree that the court ruled that, even though the court has clearly ruled it. So what we would submit, Your Honors, is the ruling on summary judgment on novation I think has to be affirmed because there's been no argument advanced to change it. There was no implied implication under Rule 15b-2 that the complaint was amended and that there was a new theory of modification. I do think that the reason the court addressed that. What did the court do on the alternative theory of the complaint that there was an assignment? Well, that in allowing the third amended complaint, the court only allowed the third amended complaint as to novation. It did not allow the third amended complaint as to assignment because it said there's no theory pled in here that would support an assignment. In other words, there's no facts of an assignment or delegation. And even if there was an assignment, it would be assigning the contract, the contract with BioAmerica Spain, that has the terms that say, or does not have any terms allowing interest and late fees. So it was almost a futility argument. This assignment wouldn't even, couldn't go forward for that reason. So when we got to summary judgment, the only issue left was novation. Assignment was not even as part of the third amended complaint under the court's ruling in allowing that. So the novation was what was briefed on summary judgment. The court in its order did say, but let me explain, even if I'd allowed the fourth amended complaint, here's why it would fail. I know for certain why the judge did that. Because of what we've seen here today. The judge knew this was going to get appealed because of the history of the litigiousness of opposing counsel and constantly arguing everything. And I think the judge was just saying, okay, we're probably going to get appealed. So I do want to go forward. And I think the judge got it exactly right, that when you go back to the basic UCC concepts here, this is not a complicated case. Purchase order goes from Nutramax to BioAmerica Spain. BioAmerica Spain then ships in response to that purchase order. They end up shipping it to Bio Nebraska, who then forwards it to Nutramax due to some import issues that are not really relevant. What the court said and what UCC 2-206 agrees with is, even though they didn't fax back an acceptance of the purchase order, shipping is acceptance. The only time shipping would not be acceptance is if the contract unambiguously says, you have to accept this in writing. The purchase order here clearly said, you can accept this in writing by signing and faxing it. If you don't accept it, you can just ship. And when we get it, we either have the right to accept or reject, which under the contract, we always have the right to accept or reject conforming or nonconforming goods. The UCC itself 2-206 says, even if you ship nonconforming goods, that still qualifies as acceptance, meaning there is a contract. You may have a breach because you ship nonconforming goods. So the district court was 100% correct in saying, once BioAmerica Spain ships in response to the purchase order, there's a contract. And this is why the district court kept trying to tell opposing counsel, unless you have a novation, you cannot win this case. Because once BioAmerica Spain ships, the timing of shipping is what's important. There's acceptance and there's a contract. And Nutramax's purchase order said, this contract cannot be modified. It doesn't matter what's in your invoices. These terms cannot be modified without a signed written agreement. It provides for all material terms, payment amounts, shipment dates. And so under 2-206, you have a contract at the time of shipment. And the only way there's going to be a different outcome is if he can prove that there was a novation, meaning that contract was set aside and Nutramax agreed to enter into a new contract with BioAmerica Nebraska. That's what the court kept trying to tell him, which he refused to accept. So under 2-206, it's clear there was a contract. Again, the court correctly said under 2-207, that doesn't apply here because 2-207 deals with contract formation. We already had a contract. 2-207 deals where you have a battle of forms and there's not yet a contract and you're figuring out what are the terms of the contract. You can't, after a contract is already in place, especially a contract that says modifications have to be in writing, float in an invoice weeks later with new terms and say, well, those terms now become part of the contract. Modification, as I'm sure the court is aware, is dealt with 2-209, not 2-207. There's no allegation here that the contract was properly modified with a written agreement. And that's a long way of saying when the court went in and explained, even if I allowed you to amend, you still wouldn't change the outcome in this case. I think it's an alternative ruling. I don't think the court had to get there because the only proper claim before the court was novation, which was rejected. The court was well within its discretion to reject the fourth amended complaint, given the passage of time and what the court referred to as suspicious litigation tactics for how things were done and really what the court recognized. The lack of any legitimate explanation as to why did it take you two years to even look at the invoices in a breach of contract case. It's never really been explained and there's never, in the court's opinion, justification for that. So in denying the fourth amended complaint, the court was right. 15b-2 doesn't save them for the reasons that I've discussed. There was no indication that the district court impliedly consented to this new claim or that Nutramax did. They were consistently objected to. Finally, Your Honor, I do think the bad faith slash abusive judicial process award of about $5,000 was appropriate given the number of times and the amount of money that was spent fighting these same issues over and over again, which was only necessitated by counsel and his client's refusal to listen to the court and accept the orders of the court. I'm glad to answer any further questions the court has if necessary. Thank you, Mr. Patterson. Thank you. Mr. Gebhardt. Yes, Your Honor. Let me explain how all of this arose. The initial invoice that was attached to the complaint and the amended complaint was an intercompany invoice with no payment terms. Nutramax refused to pay for all of the invoices sent thereafter, like the third through the fifth. They had payment terms and so on. The district court correctly said the battle of forms 2207 only applies to the formation of the contract, not once the contract is formed. Your initial invoice did not challenge anything. So then came the issue of, well, how can these payment terms, because there were no payment terms in the purchase order, didn't say when they had to pay. They could still not have paid today. How do we get those payment terms in? And B.O. Barrack in Nebraska was a collection agency, so the concept of novation then arose. But it turned out there was no novation because there was an original invoice sent and delivered with the initial installment of goods that Judge Gallagher never considered in the original ruling. She didn't have it before her. But that original invoice negated any possible acceptance by shipment under 2206. Well, I think to understand the court's position is that when you ship in response to a purchase order, it forms a contract. And the invoicing after shipment doesn't alter that.  It was with the shipment, not after the shipment. That was an undisputed material fact. Except it was not communicated to the Nutramax until it was received. Yet it was shipped much earlier. It was shipped in December. Nutramax. Wasn't it shipped in December? Nutramax says the goods went. Sir, I asked you a question. Were the goods shipped in December? I'm not sure when they were shipped. They were shipped. I think they were shipped in December, end of December. Okay. Nutramax says. Now, at that point, why isn't there a contract? Because they didn't reach Nutramax. Nutramax says they went to. There's nothing in the UCC that says it has to reach them. It says. It says you issue a purchase order and the supplier ships in response to the purchase order. It's a formation of a contract. No. The UCC 2206 does not say that. Well, their shipment is 2206. It opens up and says, unless otherwise unambiguously indicated by the language or circumstances, when a shipment is accompanied by an invoice rejecting the terms of the purchase order, that's language unambiguously indicating to the contrary. Nutramax says we got the initial shipment from B.O. Barrack in Nebraska, which was accompanied by the invoice, the questionable invoice. We had both of them together. That invoice said we reject the terms of your purchase order. If you don't agree, then return the goods to us. If you want to keep the goods, then pay us and the terms of our invoice apply. And that is beyond dispute. There is no dispute whatsoever in the summary judgment facts presented by both sides. There was no shipment that did not qualify by itself. How could you possibly reject the terms of a purchase order if simply putting the goods in transit with an invoice? You simply return a fax or a letter. The normal process, I think, I was a purchasing agent for many years ago, and we issued purchase orders and we got acknowledgments back and promised shipping dates. But once there was a shipping, a product was shipped, that's acceptance of the purchase order. The question is, is the invoice that comes thereafter, and in this case it came thereafter, it came with the arrival of the goods, not the shipment. The idea is when did the supplier choose to accept, and the supplier chose to accept by shipping. They could have rejected and said we're not going to ship. They could say we don't agree to those terms on the purchase order, but they shipped. And so at that point, an invoice that comes to the purchaser later hardly changes that under the UCC. But I don't think that's before us. I think what's before us is two things. Did the district court err in dismissing the innovation theory on summary judgment? And second, did the district court err in denying your motion to amend? If the court is correct in denying the motion to amend, that ends the case, right?  And may I address the point about the shipment and the invoice and so on? Because even if you said shipment by itself constitutes an acceptance, under 2207 subparagraph 2, it says the acceptance may contain additional terms beyond those in the purchase order. And the purchase order had no payment terms whatsoever. The invoice had payment terms. It says unless there is an express disclaimer of the saying you must accept only these terms in the purchase order, which was not the case here, the additional terms become part of the contract. The purchase order said you may not change any of the commercial terms, but purchase terms are boilerplate terms. And frankly, Your Honor, you offered an opinion characterizing purchase terms as boilerplate terms. Those additional terms became part of the contract even if shipment put the contract in place. The point is- All right, I think I understand that. We've gone through the red light here again. Yes. All right. Thank you, Mr. Gebhardt. We would normally come down and greet counsel, as you know, as I explained earlier. We're going to forego that because we're continuing with the pandemic protocols, COVID protocols so far. So I want to thank you for your arguments. Thank you, Your Honor. Thank you.
judges: Paul V. Niemeyer, Stephanie D. Thacker, Julius N. Richardson